## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA

       **v.**                  **Cr. No. 09-**

**EDWARD BROWN and**
**ELAINE BROWN**

### INDICTMENT

**THE GRAND JURY CHARGES:**

### BACKGROUND

**1.**  On or about January 18, 2007, the last day of a trial that started on January 9, 2007, <u>United States of America v. Elaine Brown and Edward Brown</u>; Cr. No. 06-00071-SM in the United States District Court for the District of New Hampshire, a jury returned verdicts convicting **Edward Brown** and **Elaine Brown** of conspiracy, federal tax crimes and other financial crimes.

**2.**  The jury returned its verdict against **Edward Brown** in his absence.  After the third day of evidence, January 11, 2007, **Edward Brown** returned to his and **Elaine Brown's** joint residence in Plainfield, N.H., and never came back to court.  On January 12, 2007, a federal warrant was issued for **Edward Brown's** arrest based upon his failure to appear for the completion of his trial.

**3.**  **Elaine Brown** also failed to appear for what was to be the  fourth day of evidence but, after a brief continuance of the proceedings, she returned for the remainder of the trial. However, shortly after her conviction, and after having been released on bail pending sentencing, on or about February 20,

2007, she violated her bail conditions by returning to the residence she shared with **Edward Brown** in Plainfield, NH.  On or about February 21, 2007, because she had violated the conditions of her bail, a federal warrant was issued for her arrest.

4.    On April 24, 2007, **Edward Brown** and **Elaine Brown** were each sentenced to sixty-three (63) months in prison.  Neither **Edward Brown** nor **Elaine Brown** appeared for the sentencing proceeding and the sentences against them were imposed in their absence.

5.    While **Edward Brown** and **Elaine Brown** were fugitives, officers of the United States Marshals Service made efforts to arrest them.  During that same period of time, the Browns remained inside the boundaries of the property on which their home was located, and they publicly stated their intention to forcibly resist any effort to arrest them.

## COUNT ONE
### Conspiracy To Prevent Officers of the United States From Discharging Their Duties; 18 U.S.C.§ 372

**6.**  The allegations of paragraphs 1 through 5 of this Indictment are re-alleged and incorporated as if set forth in full herein.

**7.**   From in or around January 2007, through October 4, 2007, in the District of New Hampshire and elsewhere, the defendants,

### Edward Brown and Elaine Brown

knowingly and willfully conspired and agreed with each other and with other individuals, both known and unknown to the grand jury, to prevent, by force, intimidation and threat, employees of the United States Marshals Service, who are officers of the United States in the discharge of their official duties, to wit: arresting Edward Brown and Elaine Brown, in violation of Title 18, United States Code, Section 372.

### Purpose of the Conspiracy

**8.** The purpose of the conspiracy was to prevent the United States Marshals Service from arresting the defendants, Edward Brown and Elaine Brown.

### Manner and Means of the Conspiracy

**9.** The manner and means by which the defendants,

### Edward Brown and Elaine Brown,

and the other people with whom they conspired sought to
accomplish the object of the conspiracy included, among others,
residing (some temporarily) in the Browns' home, purchasing
firearms and ammunition, bringing firearms and ammunition to the
Browns' home, purchasing explosive compounds, bringing explosive
compounds to the Browns' home, assembling destructive devices and
publicly announcing their intention to forcibly resist efforts by
the United States Marshals Service to arrest the defendants,
**Edward Brown and Elaine Brown.**

**Overt Acts**

    **10.** In furtherance of the conspiracy, the defendants,

**Edward Brown and Elaine Brown**,

and other people with whom they conspired, including but not
limited to four co-conspirators known to the Grand Jury and
referred to herein as Daniel Riley, Jason Gerhard, Cirino
Gonzalez, and Robert Wolffe, committed and caused the following
overt acts to be committed in the District of New Hampshire, and
elsewhere:

      a.  On different occasions between in or around January
2007 and October 4, 2007, defendants,

**Edward Brown and Elaine Brown**,

publicly declared their intention to forcibly resist any effort
by the United States Marshals Service to arrest them.

      b.  On or about October 4, 2007, defendant **Edward Brown**

Page 4 of  25

possessed a firearm, a Colt Model 1911, .45 cal. handgun, bearing what purported to be the serial number A5748.

c.  During a radio interview on WTSL 1400 AM radio, Hanover, NH, in or about the third week of April, 2007, defendant **Elaine Brown** stated, "[t]he only law book we recognize is the Bible.  The only way we're coming out of our home is either as free man and free woman or in body bags."

d.  On or about October 4, 2007, defendant **Elaine Brown** possessed a firearm, a Glock model 17 .40 cal. handgun, serial number AND951US.

e.  On or about June 26, 2007, the Internet radio station RBN (Republic Broadcast Network) broadcast an interview of defendant **Edward Brown** during which he stated, "the Chief should know along with the US Marshals along with the local County Sheriff, especially the County Sheriff, local police and local state police, if they come in here to do us in, they kill my wife, myself or both or try to arrest us, I said the Chief of Police in this town, the Sheriff, the Sheriff himself will die, this is war now folks.  They fired the first shots.  They are after Randy Weaver this morning.  Our position now is we are in a state of war in this country.  No more talking.  No negotiating. We are at war.  It's their choice now.  They can make the next move."

f.  On or about July 29, 2007, the Internet radio

station, WTPRN (We The People Radio Network) broadcast an
interview of defendant **Edward Brown** and Daniel Riley during which
Daniel Riley explained how they, he, **Edward Brown** and others, had
armed themselves and that **Edward Brown** had gone to the tower of
his home to watch for federal agents.

      g.  On different occasions between in or around January
2007 and in or around September 2007, **Daniel Riley**, who was a
resident of Cohoes, New York, temporarily resided in the Browns'
home;

      h.  On different occasions between in or around January
2007 and in or around September 2007, **Jason Gerhard**, who was a
resident of Brookhaven, New York, temporarily resided in the
Browns' home;

      i.  On different occasions between in or around January
2007 and in or around September 2007, **Cirino Gonzalez**, who was a
resident of Alice, Texas, temporarily resided in the Browns'
home;

      j.  On different occasions between in or around January
2007 and in or around September 2007, **Robert Wolffe**, who was a
resident of Randolph, Vermont, temporarily resided at the Browns'
property;

      k.  On different occasions between in or around January
2007 and in or around September 2007, **Daniel Riley** publicly
declared his intention to forcibly resist any effort by the

United States Marshals Service to arrest **Edward Brown and Elaine Brown**;

l.  On different occasions between in or around January 2007 and in or around September, 2007, **Cirino Gonzalez**  publicly declared his intention to forcibly resist any effort by the United States Marshals Service to arrest **Edward Brown and Elaine Brown**;

m.  On different occasions between in or around January 2007 and in or around September 2007, **Jason Gerhard** publicly declared his intention to forcibly resist any effort by the United States Marshals Service to arrest **Edward Brown and Elaine Brown**;

n.  On or about January 21, 2007, **Jason Gerhard** accepted delivery of a Bushmaster rifle from a firearms dealer in Alstead, New Hampshire;

o.  On or about April 2, 2007, **Jason Gerhard** purchased an M44 rifle from a firearms dealer in Newport, New Hampshire;

p.  On or about May 23, 2007, **Daniel Riley** purchased a high-powered Serbu .50 cal. rifle from a firearms dealer in Newport, New Hampshire.

q.  On or about May 23, 2007, **Cirino Gonzalez** purchased a high-powered Serbu .50 cal. rifle from a firearms dealer in Newport, New Hampshire;

r.  In or around June 2007, **Jason Gerhard** placed an order to purchase firearms accessories from a firearms dealer in Maryland to be delivered to the Browns' home;

s.  At a date uncertain but between in or around May 2007 and in or around September 2007, **Cirino Gonzalez**, **Jason Gerhard** and another person posed for a photograph with **Edward Brown**.  The photograph was posted to an account on a social networking internet site, myspace.com, that was registered to **Jason Gerhard**.  That internet account was used to elicit statements in support of Edward Brown and Elaine Brown.  In the photograph, **Cirino Gonzalez** and **Jason Gerhard** possess rifles;

t.  On or about July 20, 2007, **Jason Gerhard** purchased two (2) Ruger rifles from the firearms dealer in Alstead, New Hampshire;

u.  On or about July 25, 2007, **Jason Gerhard** purchased a high-powered Serbu .50 cal. rifle from a firearms dealer in Alstead, New Hampshire; and

v.  On or about July 31, 2007, **Jason Gerhard** purchased a Ruger rifle from the firearms dealer in Alstead, New Hampshire;

w.  Between in or around January 2007 and in or around September 2007, **Robert Wolffe** provided a 1992 Chevrolet Caprice to the Browns which was used by other supporters of the Browns to run errands and gather supplies for the Browns;

x.  On various dates between in or around January 2007

and in or around September 2007, **Robert Wolffe** conducted counter-surveillance of Deputy U.S. Marshals;

y.  On different occasions between in or around January 2007 and in or around September 2007, **Robert Wolffe** provided armed security for the Browns;

z.  In or around August 2007 and September 2007, **Robert Wolffe** made his residence available, as a point of trans-shipment, for supplies to be delivered to the Browns.

aa.  On or about May 23, 2007, **Daniel Riley** purchased a quantity of Tannerite, a binary explosive compound, which was used between May 23, 2007 and October 4, 2007 for improvised explosive devices at the residence of **Edward Brown and Elaine Brown** in Plainfield, NH.

bb.  Beginning at a date uncertain, but between in or around January 2007 and October 4, 2007, defendant, **Edward Brown,** possessed, actually and constructively, booby trap devices made from pipe, pipe couplings, pipe end caps, springs, firing pins and cotter pins, which were firearms and destructive devices.

cc.  Beginning at a date uncertain, but between in or around February 2007 and October 4, 2007, defendant, **Elaine Brown,** possessed, actually and constructively, booby trap devices made from pipe, pipe couplings, pipe end caps, springs, firing pins and cotter pins, which were firearms and destructive devices.

dd.  Beginning at a date uncertain, but between in or around January 2007 and October 4, 2007, defendant, **Edward Brown,** possessed, actually and constructively, improvised explosive devices made of cans of gun powder, some with nails and screws taped to the outside of the cans, to be triggered with pyrotechnic fuse, which were destructive devices.

ee.  Beginning at a date uncertain, but between in or around February 2007 and October 4, 2007, defendant, **Elaine Brown,** possessed, actually and constructively, improvised explosive devices made of cans of gun powder, some with nails and screws taped to the outside of the cans, to be triggered with pyrotechnic fuse, which were destructive devices.

ff.  Beginning at a date uncertain, but between in or around January 2007 and October 4, 2007, defendant, **Edward Brown,** possessed, actually and constructively, improvised explosive devices, commonly known as pipe bombs, made of gun powder, pipe, and pipe end caps to be triggered with pyrotechnic fuse, which were destructive devices.

gg.  Beginning at a date uncertain, but between in or around February 2007 and October 4, 2007, defendant, **Elaine Brown,** possessed, actually and constructively, improvised explosive devices, commonly known as pipe bombs, made of gun powder, pipe, and pipe end caps to be triggered with pyrotechnic fuse, which were destructive devices.

hh.  Beginning at a date uncertain, but between in or around January 2007 and October 4, 2007, defendant, **Edward Brown,** possessed, actually and constructively, firearms including, but not limited to, a Colt Model 1911, .45 cal. handgun, bearing what purported to be the serial number A5748 and the firearms listed herein at paragraphs 10b, 10d, 10n, 10o, 10p, 10q, 10t, 10u, 10v, 10bb, 10cc, 10ii, 10jj & 10kk.

ii.  From dates uncertain but as early as February 2007 through October 4, 2007, defendant, **Elaine Brown,** possessed, actually and constructively, firearms including, but not limited to, a Glock model 17 .40 cal. handgun, serial number AND951US and the firearms listed herein at paragraphs 10b, 10d, 10n, 10o, 10p, 10q, 10t, 10u, 10v, 10bb, 10cc, 10hh, 10jj & 10kk.

jj.  On or about October 4, 2007, defendant, **Edward Brown,** held and pointed an assault rifle at undercover Deputy U.S. Marshals.

kk.  On or about October 4, 2007, the defendant, **Elaine Brown**, held an assault rifle while in the presence of undercover Deputy U.S. Marshals.

All violation of Title 18, United States Code, Section 372.

## COUNT TWO
## Conspiracy to Commit Offense Against the United States;
## 18 U.S.C. §§ 371 and 111(a)&(b)

**11.** The allegations of paragraphs 1 through 5 and 8 through 10 of this Indictment are re-alleged and incorporated as if set forth in full herein, including the overt acts alleged in paragraphs 10a through 10kk.

**12.** Between in or around January 2007 and October 4, 2007, in the District of New Hampshire and elsewhere, the defendants,

**Edward Brown and Elaine Brown,**

knowingly and willfully conspired and agreed with each other and with other individuals, both known and unknown to the grand jury, to commit the following offense against the United States:

> forcibly to assault, resist, oppose, impede, intimidate
> and interfere with federal law enforcement officers in
> the discharge of their duties, to wit: attempting to
> arrest Edward Brown and Elaine Brown, in violation of
> Title 18, United States Code, Section 111(a)(1),

and in the commission thereof the defendants and co-conspirators did use dangerous and deadly weapons.

All in violation of Title 18, United States Code, Sections 371 and 111(a)(1)&(b).

## COUNT THREE
### Carrying and Possessing a Firearm in Connection with a Crime of Violence
### 18 U.S.C. §§ 924(c)(1)(A)&(B)

**13.**  The allegations of paragraphs 1 through 5 and 8 through 10 of this Indictment are re-alleged and incorporated as if set forth in full herein, including the overt acts alleged in paragraphs 10a through 10kk.

**14.**  Between in or around January 2007 and October 4, 2007, in the District of New Hampshire and elsewhere, the defendant,

**Edward Brown**,

knowingly and intentionally: (a) carried and used one or more firearms (including but not limited to those firearms referenced in paragraphs 10b, 10d, 10n, 10o, 10p, 10q, 10t, 10u, 10v, 10bb, 10cc, 10hh, 10ii, 10jj & 10kk above) including destructive devices (including but not limited to those referenced in paragraphs 10bb, 10cc, 10dd, 10ee, 10ff & 10gg above) during and in relation to crimes of violence for which he could be prosecuted in a court of the United States, to wit:  1) as charged in Count Two herein, conspiracy to forcibly assault, resist, oppose, impede, intimidate and interfere with federal law enforcement in the official discharge of their duties, attempting to arrest **Edward Brown and Elaine Brown**, in violation of Title 18, United States Code, Sections 371 and 111(a)(1)&(b), and, 2) as charged in Count One herein, conspiracy to prevent Officers of

the United States from discharging their duties, in violation of
Title 18, United States Code, Section 372, and, (b) in
furtherance of such crimes of violence, as charged in Count One
and Count Two herein, possessed, actually and constructively, one
or more firearms (as set forth above), including one or more
destructive devices (as set forth above).

All in violation of Title 18, United States Code, Sections,
924(c)(1)(A)(i)&(ii) and 924(c)(1)(B)(ii), Title 18, United
States Code, Sections 921(a)(3)&(4), Title 18, United States
Code, Section 2, and United States v. Pinkerton, 328 U.S. 640
(1946).

<u>COUNT FOUR</u>
**Carrying and Possessing a Firearm in
Connection with a Crime of Violence
18 U.S.C. §§ 924(c)(1)(A)&(B)**

**15.**  The allegations of paragraphs 1 through 5 and 8 through

10 of this Indictment are re-alleged and incorporated as if set

forth in full herein, including the overt acts alleged in

paragraphs 10a through 10kk.

**16.**  Between in or around February 2007 and October 4, 2007,

in the District of New Hampshire and elsewhere, the defendant,

**Elaine Brown**,

knowingly and intentionally: (a) carried and used one or more

firearms (including but not limited to those firearms referenced

in paragraphs 10b, 10d, 10n, 10o, 10p, 10q, 10t, 10u, 10v, 10bb,

10cc, 10hh, 10ii, 10jj & 10kk above) including destructive

devices (including but not limited to those referenced in

paragraphs 10bb, 10cc, 10dd, 10ee, 10ff & 10gg above) during and

in relation to crimes of violence for which she could be

prosecuted in a court of the United States, to wit:  1) as

charged in Count Two herein, conspiracy to forcibly assault,

resist, oppose, impede, intimidate and interfere with federal law

enforcement in the official discharge of their duties, attempting

to arrest **Edward Brown and Elaine Brown**, in violation of Title

18, United States Code, Sections 371 and 111(a)(1)&(b), and, 2)

as charged in Count One herein, conspiracy to prevent Officers of

the United States from discharging their duties, in violation of Title 18, United States Code, Section 372, and, (b) in furtherance of such crimes of violence, as charged in Count One and Count Two herein, possessed, actually and constructively, one or more firearms (as set forth above), including one or more destructive devices (as set forth above).

All in violation of Title 18, United States Code, Sections, 924(c)(1)(A)(i)&(ii) and 924(c)(1)(B)(ii), Title 18, United States Code, Section 921(a)(3)&(4), Title 18, United States Code, Section 2, and <u>United States v. Pinkerton</u>, 328 U.S. 640 (1946).

## COUNT FIVE
### Felon in Possession; 18 U.S.C. § 922(g)(1)

**17.**   On exact dates uncertain but between on or about January 11, 2007 and October 4, 2007, in the District of New Hampshire and elsewhere, the defendant,

### Edward Brown,

having been convicted, on January 18, 2007 in the United States District Court for the District of New Hampshire, of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, actually and constructively, in and affecting interstate commerce, firearms and ammunition including, but not limited to, a Colt Model 1911, .45 cal. handgun, bearing what purported to be the serial number A5748, and the firearms listed herein at paragraphs 10b, 10d, 10n, 10o, 10p, 10t, 10u, 10v, 10bb, 10cc, 10hh, 10ii, 10jj & 10kk, and tens of thousands of rounds of ammunition in several caliber, including .50, .45 and .223, said firearms and ammunition having been shipped and transported in interstate  commerce.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT SIX
### Felon in Possession; 18 U.S.C. § 922(g)(1)

**18.**  On exact dates uncertain but between on or about February 20, 2007 and October 4, 2007, in the District of New Hampshire and elsewhere, the defendant,

### Elaine Brown,

having been convicted, on January 18, 2007 in the United States District Court for the District of New Hampshire, of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, actually and constructively, in and affecting interstate commerce, firearms and ammunition including, but not limited to, a Glock model 17 .40 cal. handgun, serial number AND951US, and the firearms listed herein at paragraphs 10b, 10d, 10n, 10o, 10p, 10t, 10u, 10v, 10bb, 10cc, 10hh, 10ii, 10jj & 10kk, and tens of thousands of rounds of ammunition in several caliber, including .50, .45 and .223, said firearms and ammunition having been shipped and transported in interstate commerce.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT SEVEN
## Obstruction of Justice; 18 U.S.C. § 1503

**19.**   Between on or about January 11, 2007 and October 4, 2007, in the District of New Hampshire, and elsewhere, the defendant,

**Edward Brown**,

did corruptly, and by threats and force, obstruct and impede, and did endeavor to influence, to obstruct and to impede the due administration of justice in <u>United States of America v. Elaine Brown and Edward Brown</u>, Cr. No. 06-00071-SM, in the United States District Court for the District of New Hampshire by threatening violence to federal agents and others who might attempt to arrest and take into custody himself and defendant **Elaine Brown**.

All in violation of Title 18, United States Code, Section 1503.

## COUNT EIGHT
**Obstruction of Justice; 18 U.S.C. § 1503**

**20.**  Between on or about February 20, 2007 and October 4, 2007, in the District of New Hampshire, and elsewhere, the defendant,

### Elaine Brown,

did corruptly, and by threats and force, obstruct and impede, and did endeavor to influence, to obstruct and to impede the due administration of justice in <u>United States of America v. Elaine Brown and Edward Brown</u>, Cr. No. 06-00071-SM, in the United States District Court for the District of New Hampshire by threatening violence to federal agents and others who might attempt to arrest and take into custody herself and defendant **Edward Brown**.

All in violation of Title 18, United States Code, Section 1503.

## COUNT NINE
### Failure to Appear for Trial; 18 U.S.C. § 3146

**21.** On or about January 12, 2007, and continuing to on or about January 18, 2007, in the District of New Hampshire, the defendant,

**Edward Brown**,

having been charged with conspiracy and several felony violations of federal tax laws and other financial crimes, offenses punishable by imprisonment for a term of five (5) years or more, and having been released pursuant to chapter 207 of Title 18, United States Code, in connection with the aforementioned criminal charges for appearance before the presiding United States District Judge for the continuation of the trial in the case entitled <u>United States of America v. Elaine Brown and Edward Brown</u>, Cr. No. 06-00071-SM, did knowingly and willfully fail to appear for trial as required.

All in violation of 18 U.S.C. § 3146(a)(1)&(b)(1)(A)(ii).

<u>**COUNT TEN**</u>
**Failure to Appear for Sentencing; 18 U.S.C. § 3146**

**22.** On or about April 24, 2007, in the District of New Hampshire, the defendant,

**Edward Brown,**

having been charged with and convicted of conspiracy and several felony violations of federal tax laws and other financial crimes, offenses punishable by imprisonment for a term of five (5) years or more, and having been released pursuant to chapter 207 of Title 18, United States Code, in connection with the aforementioned criminal charges for appearance before the presiding United States District Judge for the continuation of the trial and other proceedings, including sentencing if convicted, in the case entitled <u>United States of America v. Elaine Brown and Edward Brown</u>, Cr. No. 06-00071-SM, did knowingly and willfully fail to appear for sentencing as required.

All in violation of 18 U.S.C. § 3146(a)(1)&(b)(1)(A)(ii).

## COUNT ELEVEN
### Failure to Appear for Sentencing; 18 U.S.C. § 3146

**23.**   On or about April 24, 2007, in the District of New Hampshire, the defendant,

**Elaine Brown**,

having been charged with and convicted of conspiracy and several felony violations of federal tax laws and other financial crimes, offenses punishable by imprisonment for a term of five (5) years or more, and having been released pursuant to chapter 207 of Title 18, United States Code, in connection with the aforementioned criminal charges for appearance before the presiding United States District Judge for sentencing in the case entitled <u>United States of America v. Elaine Brown and Edward Brown</u>, Cr. No. 06-00071-SM, did knowingly and willfully fail to appear for sentencing as required.

All in violation of 18 U.S.C. § 3146(a)(1)&(b)(1)(A)(ii).

**NOTICE OF CRIMINAL FIREARMS FORFEITURE
PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 924(d) and
TITLE 28, UNITED STATES CODE, SECTION 2461(c)**

The allegations of Counts Three through Six of this
Indictment are hereby re-alleged as if fully set forth herein and
incorporated by reference for the purpose of alleging forfeitures
pursuant to 18 U.S.C. § 924(d).  Upon conviction of one or more
of the offenses alleged in Counts Three through Six of this
Indictment, the defendants shall forfeit to the United States
pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all
firearms and ammunition involved in the commission of the
offenses.

Dated: January 21, 2009

**TRUE BILL**

<u>/s/ Foreperson</u>
Foreperson of the Grand Jury

Thomas P. Colantuono
United States Attorney

By:   <u>/s/ Arnold H. Huftalen</u>
Arnold H. Huftalen
Assistant United States Attorney

By:   <u>/s/ Terry L. Ollila</u>
Terry L. Ollila
Assistant United States Attorney