**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

UNITED STATES OF AMERICA,     )
     )
     )
v.     )
     )  Docket no. 1:09-CR-30-GZS
EDWARD BROWN & ELAINE BROWN,     )
     )
     )
     Defendants.     )
     )

**ORDER ON PENDING MOTIONS**

Before the Court are one fully briefed motion and some additional filings by the Defendants. The fully briefed motion related to an outstanding portion of Defendants' Motion to Continue (Docket # 26). Although the Court has previously granted Defendants a continuance to allow them additional time to prepare for trial, the Court separately ordered the Government to file a written response to the restrictions that Defendants complained about in paragraph five of their Motion. The Government filed its response (Docket # 40) on March 20, 2009. Defendants filed a reply (Docket # 49) on March 27, 2009.

Defendants original complaints included: (1) limited time for daily meetings, (2) "no resources", (3) limited stamps for mailings, (4) restrictions on phone calls, including calls to attorneys, (5) being placed in maximum security with 23/7 lockdown, (6) "no discovery" and (7) allowed no visitors. (See Defs. Mot. to Continue (Docket # 25) at 1-2.) The Government's Response reports on the length of Defendants' daily meetings (many of which exceed one hour) and lists the materials that Defendants have been provided, including access to research materials. The Response also explains that the Defendants were moved into the general population at Stafford County Jail on March 11, 2009 and since that time have had regular

1

visitor, telephone and mailing privileges, including "unlimited visitations with their respective stand-by counsel" and free legal mailings. It also indicates that Defendants have access to word processing on computer with the ability to have documents printed since March 2, 2009. The Response also indicates that Defendants once again refused to accept both electronic and paper discovery on March 17, 2009.

The Court has reviewed the Reply filed by Defendants in its entirety. To the extent that the reply reasserts any of the previously pressed complaints, it does not tie those complaints to Defendants' trial preparation needs. With one possible exception, Defendants claim that they are being denied access to "federal UCC law." However, the Uniform Commercial Code ("UCC") is not enacted as part of the United States Code. It is the Court's understanding that Defendants have been directed to the New Hampshire Revised Statutes database, which would contain the UCC to the extent it was enacted in New Hampshire. Absent some additional request for specific legal materials, the Court finds that the legal research materials available to Defendants are adequate to allow them to prepare for trial. The Court reminds both Defendants that they can and should utilize their standby counsel for assistance in accessing legal research.

To the extent that the Court previously reserved ruling on the "paragraph 5" portion of Defendants' Motion for Continuance, the Court now DENIES that portion of the Motion. The Government's representations show that adequate measures are currently being taken in order to allow these two pro se Defendants to prepare for their upcoming trial. Defendants are certainly free to file additional motions at any time if they believe they are being denied access to anything they need in order to prepare for trial.

The Court now turns its attention to Defendants other pending filings. To the extent that Defendants' March 26, 2009 Notice and Demand to Dismiss Charges (Docket # 45) was

docketed as a motion to dismiss, the Court will reserve ruling until the motion is fully briefed. The Court has received multiple other "notices" from Defendants that it has endorsed as frivolous filings. Additionally, Defendants filed their "Notice of Refusal of Court-Appointed Counsel" (Docket # 44) on March 26, 2009 and their Notice of Non-Consent (Docket # 48) on March 27, 2009. The Court has reviewed these latest two filings in the context of the Defendants' other eleven filings since the March 11, 2009 hearing. (See Docket #s 34-39, 43, 45, 46, 47 & 49). As the Court has already noted on the docket, most, if not all, of Defendants' filings have been completely frivolous and do not comply with any recognized rule of procedure.

Defendants' Notice of Refusal of Court-Appointed Counsel (Docket # 44) incorporates many of their previous irrelevant assertions and culminates in their assertion that Defendants are terminating "[a]ll officers of the court" in connection with this case. Currently, Defendants do not have any court-appointed counsel to terminate. They do have court-appointed standby counsel (who, to date, have not sought to withdraw or made any other filings). It is well established in the First Circuit that the Court may appoint standby counsel over a defendant's objections. See, e.g., United States v. Gomez-Rosario, 418 F.3d 90, 99 (1st Cir. 2005); see also, McKaskle v. Wiggins, 465 U.S. 168, 184 (1984). Thus, to the extent Defendants' Notice of Refusal of Court-Appointed Counsel can be read as Defendants objecting to the continued appointment of standby counsel, the Court overrules any such objection.

Turning to Defendants' Notice of Non-Consent (Docket # 48), Defendants reiterate a statement first asserted at the March 11, 2009 hearing that they "will not participate in any current or future proceedings" and that they will adopt a position of "silence" that should not be interpreted as "acquiescence or acceptance." (March 27, 2009 Notice (Docket # 48) at 1-2.) Of course, to date, Defendants have participated in these proceedings and made no fewer than

eighteen filings on the docket.   The Court does have concerns regarding the Defendants participation to date, including their continued refusal to accept any discovery.

The Defendants are facing serious charges and, if convicted, will be facing very serious sentences.   As Defendants were advised at their arraignments, the most serious charge in the pending indictment (Count IV) carries a statutory minimum mandatory 30-year prison sentence with a potential sentence of up to life in prison.   Given these serious penalties, the Court takes seriously its obligation to ensure that Defendants' rights are protected and that each of them are able to mount a vigorous defense.   With this interest in mind, the Court is directing Defendants to focus their efforts on the evidence and relevant laws.

Having reviewed all of the Defendants' filings to-date, the Court appreciates that Defendants believe these criminal proceedings violate various provisions of the United States Constitution and the Uniform Commercial Code and that the names used in the indictment are not their proper legal names.   In this Court's assessment, these arguments lack any merit. However, these arguments are duly noted on the record and preserved should the Defendants wish to present them to other courts during the appeals process.   Going forward and preparing for trial, Defendants would be well-advised to also consider pursuing alternative arguments and defenses.   By doing so, Defendants do not waive or forfeit any of the arguments and defenses already asserted.

Defendants are urged to review the discovery, as the Court has already directed their standby counsel to do.   Defendants are urged to take advantage of the opportunity to meet with standby counsel to discuss the evidence, relevant legal research and trial strategy.

If Defendants do refuse to participate in future proceedings and/or limit their participation to the continual filing of "notices" that are patently frivolous, the Court has the ability to enjoin

4

them from making further frivolous filings and can require standby counsel to play a greater role in screening filings as was done in <u>Gomez-Rosario</u>.  <u>See</u> 418 F.3d at 100.  Defendants are also hereby warned that the right of self-representation is not absolute and the Court will not allow Defendants to disrupt the previously scheduled trial in this matter by engaging in conduct that represents a complete disregard of the procedural rules that govern this case.

Counsel for the Government are hereby ORDERED to file a status update regarding any further attempts to deliver discovery to Defendants and/or their standby counsel.  Without disclosing any privileged communication, standby counsel are hereby ORDERED to file a status report indicating whether they have met with their respective Defendants either in-person or telephonically and certifying that they are reviewing the discovery provided in accordance with the Court's earlier admonitions.  All status reports shall be filed by April 10, 2009.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 3rd day of April, 2009.