## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| ELAINE BROWN, | )   Docket no. 1:09-CR-30-GZS |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER ON PENDING MOTION & COMPETENCY FINDING AS TO ELAINE BROWN**

The Court held a status conference in this matter on June 1, 2009. In advance of the status conference, the Court received the Unopposed Motion by Stand-by Counsel (Docket # 93). To the extent that the Motion asked the Court to conduct an *ex parte* colloquy with Defendant Elaine Brown, the Motion was GRANTED and the Court conducted such a colloquy at the June 1, 2009 Status Conference. To the extent the Motion also sought a competency evaluation pursuant to 18 U.S.C. § 4241 "if warranted by [the *ex parte*] colloquy," the Motion is hereby DENIED.

By this written order, the Court memorializes its findings that Defendant Elaine Brown is in fact competent under the standards laid out in both Dusky v. United States, 362 U.S. 402 (1960) and Missouri v. Drope, 420 U.S. 162 (1975) as well as, more recently, in Indiana v. Edwards, 128 S. Ct. 2379 (2008). See Edwards, 128 S. Ct. at 2387-88 (The competency inquiry "permits judges to take realistic account of the particular defendant's mental capacities by asking whether a defendant who seeks to conduct his own defense at trial is mentally competent to do so.") Moreover, the Court finds no reasonable cause to believe that Elaine Brown "may presently be suffering from a mental disease or defect rendering [her] mentally incompetent to the extent that [s]he is unable to understand the nature and consequences of the proceedings against [her] or to assist properly in

1

[her] defense." 18 U.S.C. § 4241. In reaching these conclusions, the Court has considered the entire record, and, most importantly, the Court's in-person interaction with this Defendant at status conferences. However, the Court's conclusions are also influenced by its familiarity with the underlying facts of this matter from a review of the docket in United States v. Edward and Elaine Brown (D.N.H. Docket No. 1:06-CR-071-SM), as well as the Court's own involvement in the prior related case of United States v. Riley et al. (D.N.H. Docket No. 1:07-CR-189-GZS).

First and foremost, the Court believes that Elaine Brown is able to and does understand the nature and consequences of these proceedings. She is undoubtedly an intelligent and educated woman who practiced for over thirty years as a licensed dentist. In addition to obtaining all of the traditional education and training necessary to run a successful dental practice, as recently as 2000, Defendant was pursuing training as a Master Herbalist in order to allow her to incorporate a holistic approach into her dental practice. Although her education and expertise is primarily non-legal, Defendant is well-versed in the procedural and substantive rules of federal criminal law given her 2006 arrest followed by her 2007 trial and conviction on tax fraud charges for which she is currently serving a prison sentence. As the Court confirmed most recently at the status conference, she understands the various functions of a jury, a judge and counsel, as well as what will happen at the trial and the possible consequences for her.

Second, based on the Court's colloquies with Mrs. Brown as well as its review of the many filings she has made on the docket with her husband and co-defendant, Edward Brown, it is clear to the Court that Elaine Brown is able to conduct her own defense as well as consult with and assist stand-by counsel. Notwithstanding this ability, Mrs. Brown, like her husband, has shown an unwillingness to tender a "traditional" defense and, as a result, a frequent unwillingness to interact with stand-by counsel. Rather, both Defendants remain committed to continuing to challenge the

jurisdiction of this Court as well as pursuing a theory that the law governing these proceedings is somehow preempted by the Uniform Commercial Code and "God's law." (As previously noted, the Court considers these arguments duly presented and preserved for the purposes of appeal and encourages Defendants to also consider presenting any and all alternative defenses.)

While the Court has certainly considered whether the single-mindedness and persistence with which Defendants are pursuing this defense reflects some sort of mental disease or defect, the Court is ultimately convinced that both Defendants are competent persons who earnestly subscribe to an unconventional system of beliefs, which is shared by others who support them.[1] This is not the first time this Court or the federal court system in general has encountered the unique challenges raised when members of these various like-minded movements become federal criminal defendants. See, e.g., United States v. Riley et al. (D.N.H. Docket No. 1:07-CR-189-GZS); United States v. Landers, 564 F.3d 1217 (10th Cir. 2009); United States v. Barbuto, 60 Fed. Appx. 754 (10th Cir. 2003); United States v. James, 328 F.3d 953 (7th Cir. 2003); United States v. Leiter, No. 08-CR-0270, 2008 WL 5285456 (D. Minn. Dec. 18, 2008).

Because of the nature of the Defendants' written filings, the Court has been especially vigilant with regard to the issue of competency.[2] This Court came to the June 1, 2009 conference prepared, if necessary, to order a competency evaluation. However, the Court finds no evidence that Elaine Brown has any mental disease or defect or is in any way mentally incompetent. Rather, she appears capable of making rational choices and understanding the consequences of those

---

[1] In its prior related case of United States v. Riley et al. (D.N.H. Docket No. 1:07-CR-189-GZS), the Court in fact sent one defendant, Daniel Riley, for a competency evaluation after it appeared that his competency might have diminished post-trial. Like the Browns, Mr. Riley subscribed to this similar belief system. As explained in the context of the Riley competency evaluation, it is possible for a rational person to subscribe to an unconventional belief system without necessarily being delusional or otherwise incompetent. Having interacted with Elaine and Edward Brown in the course of this case, the Court certainly believes that to be the case with respect to this Defendant.

[2] Despite the fact that the Defendant is in custody and, as a result, subject to regular supervision, the Court has received no other reports of behavior that would serve as a basis for questioning her competency.

choices. She, along with her husband, are members of and believers in a movement that does not recognize the legitimacy of the federal tax system. The mere fact that this Defendant's view of the applicable laws diverge from the views of the Court is not a basis for questioning a defendant's competency or finding a defendant incompetent.

While the Court will continue to be vigilant with respect to this Defendant's competency, it also remains committed to providing this Defendant a fair and speedy trial and allowing her to exercise the various rights provided to her under the Constitution. In the Court's current assessment of all of its written and oral interactions with this Defendant, it is overwhelmingly clear that Elaine Brown does not have a mental disease or defect rendering her incompetent. Rather, she remains competent to stand trial and exercise or waive her various rights related to that trial. To require this Defendant to undergo a competency evaluation under these circumstances would, in the Court's view, be punitive and serve only to delay her trial without changing the nature of the defense she intends to present. Therefore, for the reasons stated herein and on the record at the June 1, 2009 status conference, the Court DENIES IN PART the Unopposed Motion by Stand-by Counsel (Docket # 93).[3]

SO ORDERED.

                                                  /s/ George Z. Singal  
                                                  United States District Judge

Dated this 2nd day of June, 2009.

---

[3] The Court notes that it appreciates the vigilance of Stand-by Counsel in making the Motion and encourages Stand-by Counsel to renew its motion if any change in circumstances presents itself during or after trial.