UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| EDWARD BROWN & ELAINE BROWN, | )   Docket no. 1:09-CR-30-GZS |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER ON PENDING MOTIONS AND OTHER RECENT FILINGS**

Before the Court are various filings by Defendants, including: (1) Defendants' Notice of Unauthorized Use of Copyright Name (Docket # 79); (2) Defendants' Notice by Written Communication/Security Agreement (Docket # 80); (3) Notice by Written Communication/Security Agreement (Docket # 81); (4) Defendants' Notice to Court (Docket # 82); (5) Affidavit of Edward-Lewis:Brown© and Elaine-Alice:Brown© of Fact to Challenge Jurisdiction (Docket # 83); (5) Defendants' Notice of Acceptance for Value (Docket # 84); (6) Defendants' Response to U.S. Attorney's Objection to Interview (Docket # 92); and (7) Defendants' Motion for Reconsideration of Order Denying WMUR-TV's Motion Requesting Interview (Docket # 94). The Court reserved ruling on these filings in order to address some of the issues raised therein at the June 1, 2009 status conference.

With respect to the media interview request and Defendants' Response (Docket # 92) and Request for Reconsideration (Docket # 94), the Court addressed this issue at the status conference. Having considered all of the written and oral arguments presented by Defendants, the Court DENIES the Motion for Reconsideration (Docket # 94) and, for reasons stated on the record, reiterates its prior May 21, 2009 ruling denying the interview request and prohibiting any

1

and all extrajudicial statements by all parties and witnesses prior to the completion of trial in this matter.

Defendants' other filings (Docket #s 79-83) address a variety of issues. Some of which the Court has addressed specifically on the record and wishes to further clarify in writing:

First, Defendants' recent filings have presented arguments regarding problems with their previous trial in D.N.H. Docket No. 1:06-CR-071-SM. As the Court indicated at the status conference, in the current case, the Defendants are facing entirely different charges than the charges that served as the basis for the 2007 trial before Judge McAuliffe. While that case may serve as factual background for the charges here, this Court cannot and will not re-try the prior case. To the extent Defendants' filings attempt to revisit the first trial and have this Court now review the merits of that trial, the Court simply is without jurisdiction to hear those challenges.

Second, the Court was deeply concerned with Defendants' recent filings to the extent they indicated they had heard some sort of threat that the United States Attorney "intend[s] to bury [them] and . . . would separate [them], not allow [them] to meet for [their] 'defense' if [they] are found to be putting together a viable defense." (Notice to Court (Docket # 82) at 1-2.) At the status conference, the United States Attorney explicitly disavowed any such threat. This Court has ordered that Defendants be allowed to meet to prepare their defense and has repeatedly encouraged Defendants to meet in preparation for trial. In short, Defendants are not just allowed, but encouraged to pursue any viable defense and shall advise the Court if any attempts are made to violate this Court's March 4, 2009 Order on Motion for Periodic Visits (Docket # 22), as clarified in the Court's April 3, 2009 Order on Pending Motions (Docket # 51).

Third, to the extent that Defendants' Response to U.S. Attorney's Objection to Interview (Docket # 92) included an ambiguous reference to being denied assistance of counsel, the Court

believes as a result of its colloquies with both Defendants at the June 1, 2009 status conference that both Defendants understand their right to counsel as well as their right to self-representation. In addition, they are aware of their rights to utilize Stand-by Counsel as well as their rights to ask the Court to have Stand-by Counsel represent them at the upcoming trial.  It is the Court's understanding that both Defendants have agreed to consider these options.

Fourth, despite written filings to the contrary, it is the Court's understanding following the status conference that both Defendants have agreed to review juror questionnaires with their Stand-by Counsel in accordance with the May 13, 2009 Order on Jury Questionnaires.  As was discussed at the status conference, the Court considers Defendants' review of these questionnaires to be an important part of their ability to ensure the trial proceeds before an impartial jury of their peers.  At the status conference, both Defendants indicated that they were interested in reviewing these questionnaires.  To the extent that Defendants and/or Stand-by Counsel encounter problems with the review of juror questionnaires after they are made available on June 8, 2009, they are urged to bring those problems to the Court's attention as quickly as possible.  As the Court has previously indicated, the Court anticipates discussing the questionnaires at the final pretrial conference on June 23, 2009.

Lastly, the Court spent considerable time at the June 1, 2009 status conference addressing Defendants' expressed desire to not attend trial in this matter.  It is the Court's understanding that Defendants have agreed to consider the Court's concerns as well as the various important rights that they would forfeit by not attending trial, especially in light of their current *pro se* status.  It is the Court's understanding that Defendants will come to the June 23, 2009 conference prepared to further discuss whether they wish to attend trial and what role they wish counsel to

play at trial in light of whether they are planning to invoke or waive their rights to attend all trial proceedings.

Except for the concerns specifically enumerated above, the content of Defendants' filings appears to repeat many of the themes and arguments that Defendants have previously presented to the Court in this case. Nothing in these latest filings provides any basis for the Court to revisit its conclusions that these arguments lack merit and are frivolous under the laws applicable to this case. If Defendants believe that the Court's rulings in this regard are incorrect, they will, if necessary, have the opportunity to press those arguments during the appeals process.

SO ORDERED.

      /s/ George Z. Singal
      United States District Judge

Dated this 3rd day of June, 2009.