## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| EDWARD BROWN & ELAINE BROWN, | ) Docket no. 1:09-CR-30-GZS |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER ON DENYING DEFENDANT
## ATTORNEY IACOPINO'S REQUEST TO WITHDRAW

This morning, just prior to bringing the jury in to start trial, attorney Michael Iacopino made an oral motion to withdraw as counsel for Defendant Edward Brown. Specifically, attorney Iacopino asserted that Defendant Edward Brown was displeased with his representation, that communications between he and Defendant Edward Brown had broken down and that he felt it was his obligation under the rules to withdraw. Thereafter, attorney Iacopino moved to withdraw so that another counsel could be appointed or Edward Brown could represent himself. The Court also heard from Edward Brown, who stated that attorney Iacopino was unable to "present us in the matter in which we need to be presented."[1]

With respect to the appointment of new counsel, the Court inquired into the reasons for the dissatisfaction. Although attorney Iacopino made the conclusory statement that communications had broken down, neither he nor Edward Brown presented the Court with any specifics regarding the communication breakdown. Edward Brown complained about numerous events that he feels have been unfair to him and the preparation of his defense. As all of these grievances have already been the subject of pretrial filings in this case, the Court has previously considered all of them and finds nothing additional of note or to support a significant breakdown

---

[1] The Court did not understand from Edward Brown that he wanted to represent himself.

1

in communications with counsel. Thus, despite the Court's inquiry, neither attorney Iacopino nor Edward Brown have stated any good cause for the substitution of counsel. Moreover, the substitution of counsel would certainly cause a delay of trial in this matter where there has been extensive discovery and trial preparation. In addition, over 200 individuals were called in as part of the panel for jury selection and the better part of a day has already been devoted to jury selection. See United States v. Allen, 789 F.2d 90, 92 (1st Cir. 1986). There is no basis in the record to support a finding that the conflict between the defendant and his counsel is so great that it has resulted in a lack of communication that prevents an adequate defense or that the substitution of counsel is warranted.

    **SO ORDERED.**

                                        /s/ George Z. Singal
                                        United States District Judge

Dated this 30th day of June, 2009.