UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 09-cr-30-GZS |
| | ) | |
| EDWARD BROWN | ) | |

### UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTION TO SUPPLEMENTAL PRESENTENCE REPORT AND RESENTENCING PROCEDURE

In January 2010, this Court sentenced the defendant to 444 months of imprisonment. Three hundred and sixty months of that sentence was attributable to a minimum mandatory minimum sentence under 18 U.S.C. § 924(c) for possessing an explosive device in furtherance of a crime of violence. The Court imposed the remaining time for the other counts of conviction, which include conspiracies to commit crimes against the United States and to prevent officers from discharging their duties, obstruction of justice, felon-in-possession, and failing to appear for court hearings.

After filing a successful 28 U.S.C. § 2255 motion, the defendant is before the Court now for resentencing because his § 924(c) conviction is invalid in light of Davis v. United States. Even without the § 924(c) offense, the defendant faces an advisory guideline range of 360 to life. The defendant argues, however, that the Court cannot impose any more jail time under the Double Jeopardy Clause on the ground that, aside from the § 924(c) offense, which is now invalid, the defendant has completed the sentences on the other counts. Thus, according to him, this Court may not assign additional time to these other counts at a resentencing.

The defendant's Double Jeopardy argument fails. In support of the argument, the defendant relies on United States v. Silvers, 90 F.3d 95, 101 (4th Cir. 1996), which held that the Double Jeopardy Clause prevents a court from seeking to increase a sentence for a crime after

the defendant has fully served his sentence for that crime.  The defendant's argument, however, is predicated on the notion that the prison time allocated to the non-§ 924(c) charges constitute freestanding sentences distinct from the sentence on the § 924(c) count.  In other words, the defendant believes that at a resentencing, the Court must treat the previously imposed sentence as consisting of several subunits, each of which must remain the same even after the vacating of the § 924(c) conviction.

Courts have rejected this argument.  United States v. Townsend, 178 F.3d 558, 567 (D.C. Cir. 1999).  They have recognized that sentences on multiple counts may comprise a sentencing package so that attacking the sentence on some counts via § 2255 reopens the sentences on other counts as well.  United States v. Rodriguez, 112 F.3d 26 (1st Cir. 1997).  As the First Circuit has explained, "when the conviction on one or more of the component counts is vacated, common sense dictates that the judge should be free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture . . . to ensure that the punishment still fits both the crime and criminal."  United States v. Pimienta-Redondo, 874 F.2d 9, 14 (1st Cir. 1989).

This is not the first time that changes in the law have caused the invalidation of § 924(c) convictions.  After Bailey v. United States, 516 U.S. 137 (1995), there were many § 924(c) convictions vacated under 28 U.S.C. § 2255 and defendants were resentenced on the remaining counts.  Defendants then made the same argument made here -- because the defendant had already served the time allocated to the non-§ 924(c) counts, the district court could not impose additional time on those counts to "ensure that the punishment still fits both the crime and criminal."  Pimienta-Redondo, 874 F.2d at14.  Those arguments were unsuccessful.  Townsend, 178 F.3d at 567; United States v. Smith, 115 F.3d 241, 247 (4th Cir. 1997); United States v.

2

Smith, 103 F.3d 531, 535 (7th Cir. 1996).[1]  The courts recognized that the criminal judgment imposed an aggregate number of months and therefore the judgment constituted "one unified term of imprisonment."  Smith, 103 F.3d at 535.  Thus, "when there is an alteration in the components of a sentence, the entire sentence is altered.  If the alteration contains within itself potential for permeating the whole sentence, the entire sentence can be revisited."  Id.

That is the situation here.  The Court imposed an aggregate sentence of 444 months.  The Court had to impose 360 months on the § 924(c) count and therefore adjusted the remaining amounts to reflect the Court's overall view about the seriousness of the defendant's conduct and the danger that he represents to the public to arrive at  the 444 months penalty that the Court ultimately imposed.  The Court of course did not have to impose any more than a total of 360 months, see Dean v. United States, 137 S. Ct. 1170 (2017).  Thus, the 444 month sentence demonstrates that the Court did not believe that the 360-month sentence mandated by § 924(c) was adequate to satisfy the parsimony principle under § 3553(a).  Therefore, it is apparent that the Court created a sentence package to arrive at the penalty that it determined was sufficient but not greater than necessary to meet the § 3553(a) requirements.

On remand, the Court may consider again, within statutory bounds, the penalties for the unchallenged convictions "to ensure that the punishment still fits both the crime and criminal."  Pimienta-Redondo, 874 F.2d at 14.  In this regard, the government recommends a guideline sentence.

The defendant was the leader of a violent conspiracy designed to thwart the rule of law through threats and violence.  He threatened to kill law enforcement if they did their jobs and

---

[1]  The due process argument also raised by the defendant has been rejected for the same basic reasons. Smith, 115 F.3d at 248.

these were not merely empty threats. The defendant armed himself to the teeth and invited others to help him. Bloodshed was avoided only through the excellent work of the United States Marshal Service by infiltrating the defendant's cabal through undercover officers. While in prison, the defendant has stuck to his anti-rule-of-law views and has never shown remorse for his crimes or offered any sort of apology. The district court imposed a 444-month sentence to punish the defendant for the entirety of his conduct. To be sure, the law has changed regarding the § 924(c) convictions, but it remains the case that the defendant led a conspiracy to gather weapons to harm public officials if necessary in order to resist the rule of law. The Court rightly decided in 2010 that this conduct was deserving of a long punishment and nothing material has changed in the intervening years. Therefore, the United States recommends that the Court sentence the defendant to a sentence within the guideline range of 360 months to life.

Dated: March 10, 2020

                                                Respectfully submitted,
                                                SCOTT W. MURRAY
                                                United States Attorney

                                                By: /s/ Seth R. Aframe
                                                Seth R. Aframe, AUSA
                                                53 Pleasant Street, 5th Floor
                                                Concord, NH 03301
                                                (603) 225-1552
                                                seth.aframe@usdoj.gov